## NEW ENGLAND DAIRIES, INC. *v.* COMMISSIONER OF AGRICULTURE
### (14245)

SHEA, CALLAHAN, GLASS, BORDEN and BERDON, Js.

Argued December 4, 1991—decision released March 17, 1992

*Sylvia M. Ho,* with whom was *Richard C. Robinson,* for the appellant-appellee (plaintiff).

*David H. Wrinn,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Joseph Rubin,* assistant attorney general, for the appellee-appellant (defendant commissioner of agriculture).

*Frank J. Silvestri, Jr.,* with whom were *Andrew A. Wittenstein,* pro hac vice, and, on the brief, *Stuart I. Friedman,* pro hac vice, for the appellee-appellant (defendant Farmland Dairies).

CALLAHAN, J. The dispositive issue in this appeal is whether a hearing held by the department of agriculture constituted a "contested case" pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. The intervening defendant, Farmland Dairies (Farmland), a New Jersey based dairy manufacturer and supplier of milk and other dairy products, applied to the Connecticut department of agriculture for a license to sell and distribute milk in this state. The defendant, the commissioner of agriculture (commissioner), granted a license to Farmland. Thereafter, the plaintiff, New England Dairies, Inc., a Connecticut based milk dealer, appealed the commissioner's decision to the Superior Court pursuant to General Statutes § 4-183 (a).[1] On December 31, 1990, the

---

[1] General Statutes § 4-183 provides in relevant part: "APPEAL TO SUPERIOR COURT. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may

Superior Court dismissed the appeal. The plaintiff then appealed to the Appellate Court, and the defendants each cross appealed.[2] We transferred the case to this court pursuant to Practice Book § 4023. We affirm the judgment of the Superior Court.

The briefs of the parties reveal the following undisputed facts. In January, 1989, Farmland applied to the department of agriculture for a license to sell and distribute milk in Connecticut. In the course of reviewing Farmland's application, the department of agriculture inspected Farmland's New Jersey dairy plant in August, 1989, and again in June, 1990. The inspectors determined that, at those times, Farmland's facilities did not conform to the requirements of the Connecticut department of agriculture. On December 8, 1989, the plaintiff sent a letter to the commissioner describing conduct by Farmland that the plaintiff believed should be considered by the commissioner prior to the issuance of a Connecticut milk dealer's license to Farmland. Specifically, the plaintiff maintained that it possessed information indicating that Farmland was in violation of General Statutes § 22-231 (7),[3] and should not be granted a license. The commissioner informed the plaintiff that it would hold a hearing on Farmland's application, and that the plaintiff's concerns would be among the issues addressed at the hearing. Prior to

appeal to the superior court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal. . . ."

[2] Because we conclude that the plaintiff's appeal was properly dismissed, we do not address the defendants' cross appeals.

[3] General Statutes § 22-231 provides in relevant part: "GROUNDS FOR REFUSAL, SUSPENSION OR REVOCATION OF LICENSE. The commissioner of agriculture may refuse to grant or renew a license, or may suspend, revoke or refuse to transfer a license already granted, after he has determined that the applicant or dealer . . . (7) has continued in a course of dealing of such nature as to show an intent to deceive, defraud or impose upon producers or consumers . . . ."

the commencement of the hearing, the plaintiff requested that it be granted party status at the proceedings. The hearing officer designated by the commissioner denied that request, but granted the plaintiff intervenor status.

On November 1, 1990, the hearing commenced before the hearing officer. Shortly after the opening of the hearing, the department of agriculture announced that its inspectors had reinspected Farmland's facilities, and that Farmland had passed the inspection. On November 5, 1990, prior to the introduction by the plaintiff of any evidence of the alleged misconduct by Farmland, the commissioner issued a license to Farmland to sell and distribute milk and dairy products in Connecticut. Since the hearing no longer had a purpose, it was adjourned by the hearing officer.

On November 7, 1990, the plaintiff appealed to the Superior Court pursuant to § 4-183 (a) claiming that the hearing was improperly terminated. Farmland successfully moved to be joined as a party defendant in the appeal. Subsequently, both defendants moved to dismiss the plaintiff's appeal, claiming that the Superior Court was without jurisdiction to hear the appeal because: (1) the hearing before the department of agriculture was not a "contested case" pursuant to § 4-183 (a) and General Statutes § 4-166 (2) and (3);[4] and

[4] General Statutes § 4-166 provides in relevant part: "DEFINITIONS. As used in this chapter . . .

"(2) 'Contested case' means a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held, but does not include proceedings on a petition for a declaratory ruling under section 4-176 or hearings referred to in section 4-168;

"(3) 'Final decision' means (A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176 or (C) an agency decision made after reconsideration. The term does not include a preliminary or intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration . . . ."

(2) the plaintiff was not aggrieved pursuant to § 4-183 (a). Farmland raised a third ground for dismissal in its motion, claiming that the plaintiff's appeal should be dismissed because the plaintiff had failed to exhaust its administrative remedies as required by § 4-183 and General Statutes § 22-248.[5] The Superior Court concluded that the plaintiff had been aggrieved, and that it had exhausted its administrative remedies, but the court dismissed the plaintiff's appeal concluding that it had no jurisdiction to hear the appeal because the plaintiff had not appealed from a "contested case."

The plaintiff argues that the Superior Court improperly dismissed its appeal because the hearing before the department of agriculture was a contested case from which it had a right of appeal. We agree with the trial court that the plaintiff had not appealed from a contested case.

---

[5] General Statutes § 22-248 provides: "PETITION FOR RECONSIDERATION OF ORDER OR REGULATION; APPEAL. Any person aggrieved by an order or regulation may, within forty-five days after the effective date thereof, file a written petition with the commissioner of agriculture stating that any such order or regulation or any provision thereof is not in accordance with law, praying for reconsideration and for revision, modification or revocation thereof. Such petition shall specify the objections to such order or regulation, and shall state facts and reasons in support of such objections, none of which objections, unless so specified and supported, shall be considered by the commissioner or included in any appeal petition subsequently filed or considered by the court upon appeal from such order or regulation. Any such person, within ten days after notice of decision by the commissioner denying such reconsideration or the relief sought, or within twenty days after the filing of such petition, if the commissioner fails to grant such reconsideration or the relief sought, may appeal from such order or regulation to the superior court for the judicial district of Hartford-New Britain*. No such appeal shall be permitted to act as a supersedeas except on special order of the court or, if such court is not in session, on special order of any judge thereof, issued upon application and after reasonable notice thereof to the commissioner; provided such special order shall require the appellant to file a bond with sufficient sureties in such sum as is determined by the court to be necessary for the protection of producers and others during the pendency of the appeal, or to comply with other adequate protective conditions therein provided."

The UAPA grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances. General Statutes § 4-183 (a). Generally, the UAPA requires that an appeal be taken from a "final decision." Section 4-166 (3) defines a final decision as: "(A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176 or (C) an agency decision made after reconsideration." The plaintiff's sole contention in its appeal to this court is that the commissioner's decision to grant a milk dealer's license to Farmland was a final decision because it constituted a "determination in a contested case" as contemplated by § 4-166 (3) (A). "A 'contested case' is defined as 'a proceeding . . . in which the legal rights, duties or privileges of a party are *required by statute* to be determined by an agency after an *opportunity for hearing* or in which a hearing is *in fact* held . . . .' " (Emphasis in original.) *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 469, 378 A.2d 547 (1977); General Statutes § 4-166 (2). Furthermore, we have determined that even in a case where a hearing is "in fact held," in order to constitute a contested case, a party to that hearing must have enjoyed a statutory right to have his "legal rights, duties or privileges" determined by that agency holding the hearing. *Herman* v. *Division of Special Revenue,* 193 Conn. 379, 383 n.5, 477 A.2d 119 (1984); *Rybinski* v. *State Employees' Retirement Commission,* supra, 469–73; *Taylor* v. *Robinson,* 171 Conn. 691, 697, 372 A.2d 102 (1976). In the instance where no party to a hearing enjoys such a right, the Superior Court is without jurisdiction over any appeal from that agency's determination.

The plaintiff asserts that the hearing in this case was mandated because the commissioner is statutorily required to conduct a hearing on an application for a

milk dealer's license when he is presented with a "reasonable basis" to believe that grounds for refusing that license "may exist." The plaintiff further asserts that the allegations in its letter to the commissioner presented a reasonable basis upon which to deny Farmland's application for a license. General Statutes § 22-234 provides in relevant part: "Before refusing to grant or renew, or before suspending, revoking or refusing to transfer, a license, the commissioner of agriculture shall afford the applicant or licensee an opportunity to be heard before him or his designated agent." General Statutes § 22-231 sets forth specific bases upon which the commissioner may "refuse to grant or renew a license, or may suspend, revoke or refuse to transfer a license already granted . . . ."[6]

---

[6] General Statutes § 22-231 provides: "GROUNDS FOR REFUSAL, SUSPENSION OR REVOCATION OF LICENSE. The commissioner of agriculture may refuse to grant or renew a license, or may suspend, revoke or refuse to transfer a license already granted, after he has determined that the applicant or dealer: (1) Has failed to comply, or has been a responsible member or officer of a partnership or corporation which failed to comply, with any provision of this part or any order, ruling, regulation or direction issued hereunder; (2) has insufficient financial responsibility, personnel or equipment properly to conduct the milk business; (3) is a person, partnership, corporation or other business entity, in which any individual holding a material position, interest or power of control has previously been responsible in whole or in part for any act on account of which a license was or may be denied, suspended or revoked under the provisions of this part; (4) has failed to file a bond required by the commissioner under the provisions of this part; (5) is not in compliance with all laws and regulations of the state pertaining to health and sanitation in the production, processing, handling or sale of milk; (6) has rejected, without reasonable cause, any milk purchased from a producer, or has refused to accept, without either reasonable cause or reasonable advance notice, milk delivered by or on behalf of a producer in ordinary continuance of a previous course of dealing, except when the contract has been lawfully terminated; provided, in the absence of an express or implied fixing of a period in the contract, 'reasonable advance notice' shall be construed to mean not less than one week nor more than two weeks; (7) has continued in a course of dealing of such nature as to show an intent to deceive, defraud or impose upon producers or consumers; (8) has violated any stipulation or written agreement entered into

By its plain language, § 22-234 entitles an applicant for a license to a hearing only prior to an action by the commissioner that would *detrimentally* affect the applicant. Nothing in § 22-234, or any provision of the UAPA, however, entitles any party to a hearing concerning an application for a milk dealer's license prior to the *granting* of such application.

The plaintiff claims that the legislature, in adopting §§ 22-231 and 22-234, intended to obligate the commissioner to conduct a hearing on an application for a milk dealer's license if reasonable grounds upon which the license could be refused were presented. The plaintiff asserts that any other interpretation of those statutes would lead to the bizarre circumstance in which the commissioner could decide not to hold a hearing, despite evidence tending to indicate that an applicant should not be issued a license. Such a result, it contends, would harm both consumers of dairy products and dairy competitors.

" 'To determine the collectively expressed legislative intent, we look first to the language of the statute itself. If that language is plain and unambiguous, we go no further. . . .' "(Citations omitted.) *Ralto Developers, Inc.* v. *Environmental Impact Commission,* 220 Conn. 54, 60, 594 A.2d 981 (1991). We conclude that the language of § 22-234 plainly does not require that the commissioner conduct a hearing prior to the *granting* of a milk dealer's license. Because a license was granted to Farmland, the commissioner was not required to conduct any hearing at all on Farmland's application. The hearing conducted by the commissioner, therefore, did not constitute a contested case. Consequently, the Superior Court was correct when it determined that it had no jurisdiction to hear the plaintiff's appeal. See

with the commissioner in the course of any proceeding under this part; (9) has made a false material statement in his application."

430

*Herman* v. *Division of Special Revenue,* supra; *Rybinski* v. *State Employees' Retirement Commission,* supra; *Taylor* v. *Robinson,* supra.

The judgment is affirmed.

In this opinion the other justices concurred.