[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Crest Pontiac Cadillac, Inc. (Crest) and Morande Bros., Inc., dba Morande Lincoln-Mercury-Mazda (Morande), appeal pursuant to General Statutes 4-183 the decision of the defendant, Louis Goldberg, Commissioner of the Connecticut Department of Motor Vehicles (Commissioner), to permit the establishment or relocation of defendant Gorin's Sports Car Center, Inc. (Gorin) under a franchise with defendant Mazda Motor of America, Inc. (Mazda), without first holding a hearing pursuant to General Statutes 42-133dd. Also named as defendants are the Department of Motor Vehicles (Department) and Balch Pontiac-Buick, Incorporated (Balch). The court finds the issues in favor of the plaintiff. CT Page 4912
The plaintiffs filed this appeal in December 1991 and simultaneously moved for an order of this court staying the Commissioner's decision. That motion was denied. In January 1992, the defendants moved to dismiss the appeal on the grounds (1) that the case is not a contested case because General Statutes 42-133dd does not require a hearing and none was held; (2) that the plaintiffs had not exhausted their administrative remedies; and (3) that the plaintiffs lacked standing/aggrievement because the establishment or relocation of Gorin as a Mazda dealer was exempt from the requirements of42-133dd. This court denied that motion on March 10, 1992.
In connection with both pre-trial motions, all parties filed extensive briefs, presented documentary evidence, and made oral arguments to the court. All parties have also extensively briefed the issues raised by the plaintiffs' appeal and a hearing was held. All parties have agreed that the court may decide the appeal without further oral argument. The briefs and arguments presented to the court by counsel for all of the parties are of exceptionally high caliber and are indispensable to the court's decision on the appeal.
A careful analysis of the parties' briefs and arguments convinces the court that its earlier decision on the defendants' motion to dismiss is dispositive of all of the issues raised in the appeal. In summary, General Statutes42-133dd requires that the Commissioner hold a hearing to determine whether Gorin is exempt under any of the statute's exceptions and, if not exempt, whether to permit Gorin's establishment or relocation as a Mazda dealer at the Weston Street location in Hartford. The plaintiffs are not required to pursue any other administrative remedies prior to or in lieu of the Commissioner's hearing. The plaintiffs are aggrieved and have standing to bring this appeal. The supreme court's decision in New England Dairies, Inc. v. Commissioner of Agriculture, 221 Conn. 422 (1992) is not controlling in this case because, in this case, the applicable statute grants the plaintiffs the right to a hearing before the Commissioner may approve the defendants' actions. Defendant Gorin's request to present additional evidence pursuant to General Statutes4-183 (h) is inapposite. That statute permits the court to order the administrative agency to take additional evidence. It is inapplicable to a case such as this where no administrative proceedings have ever been held. The request is, therefore, denied.
The plaintiffs' appeal is sustained and the case is remanded to the Department of Motor Vehicles. Pursuant to General Statutes 4-183 (k), the court orders the Commissioner to hold a hearing in accordance with 42-133dd. The CT Page 4913 plaintiffs' request that the court revoke Gorin's dealer's license is denied. The plaintiffs are the prevailing parties in this appeal and are awarded costs pursuant to General Statutes 4-183 (1). In view of the substantial issues raised in this appeal, the court cannot conclude that the Commissioner's action "was undertaken without any substantial justification." Therefore, the court does not award the plaintiffs attorney fees or expenses.
MALONEY, J.