[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS #112 CT Page 2397
Plaintiff, John Fraenza, appeals a decision of the defendant, Timothy Keeney, Commissioner of the Department of Environmental Protection (hereinafter Commissioner), which denied plaintiff's application for a tidal wetland permit and a structures and dredging permit for the construction of a marina. Plaintiff sought these permits pursuant to General Statutes 22a-32 (tidal wetlands) and 22a-361 (structures and dredging). In addition to contesting the Commissioner's decision with respect to both permits, plaintiff alleges that the denial of his application constituted a regulatory taking in violation of the fifth amendment to the United States Constitution and article first, section 11 of the Connecticut Constitution. Also named as defendants are: the Estate of Armand Williams, Pier 66 Marina, Robert and Virginia Bartlett, Branford Point Association and the Coastal Resources Management Division, Bureau of Water Management, Department of Environmental Protection.
By way of an amended complaint dated August 6, 1992, plaintiff brings this appeal pursuant to General Statutes4-183 (Rev. to 1987). On October 25, 1992, the defendant Commissioner and the defendant Coastal Resources Management Division (hereinafter defendants) filed a motion to dismiss plaintiff's appeal from the denial of his structures and dredging permit. (Defendants do not move to dismiss plaintiff's appeal from the denial of his application for a tidal wetlands permit). Defendants assert that plaintiff has no statutory right to an appeal under General Statutes22a-361. In addition, defendants move to dismiss plaintiff's taking claim for lack of subject matter jurisdiction. Defendants assert that plaintiff's taking claim does not establish the finality of the agency's determination.
On December 26, 1986, the plaintiff applied to the DEP for permits pursuant to General Statutes 22-32 (tidal wetlands) and 22a-361 (structures and dredging) to construct a marina. Since the initial application of December 1986, plaintiff has submitted several revisions. The proposal acted upon by the Commissioner was plaintiff's last proposal of September 29, 1989, as modified on June 21, 1990. CT Page 2398
The DEP held a public hearing on plaintiff's application commencing on June 19, 1990 and concluding on July 10, 1990. On August 8, 1991, over a year later, the hearing officer issued a "proposed final decision" which denied plaintiff's application, but found the site suitable for a marina. In its letter to the plaintiff transmitting the proposed final decision, the DEP informed the plaintiff that pursuant to Conn. Dept. Reg. 22a-3a-K-(e)(9)(c). the plaintiff may make any exceptions to the "final proposed decision" or may request oral argument before the Commissioner. Plaintiff filed exceptions to the "proposed final decision" and requested oral argument. Oral arguments were heard by the Commissioner on October 9, 1991. On June 2, 1992, the Commissioner issued his "final decision" denying plaintiff's permits and essentially adopting the legal and factual findings of the hearing officer.
DISCUSSION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book 142." (Citations omitted). Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985). A party appealing an administrative decision must comply with the statutory appeal provisions. Failure to do so subjects the appeal to dismissal based upon lack of subject matter jurisdiction. Vernon Village, Inc. v. Carothers, 217 Conn. 130,142, 585 A.2d 76 (1991). "The UAPA grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances." New England Dairies, Inc. v. Commissioner of Agriculture,221 Conn. 422, 427, 604 A.2d 810 (1992), citing General Statutes4-183.
Because the agency proceedings began in December 1986, this court must use the law in effect when the agency proceeding was commenced. See Vernon Village, Inc. v. Carothers, supra, 140-42; General Statutes 4-185. General Statutes 4-183(a) Rev. to 1987).
In Herman v. Division of Special Revenue, 193 Conn. 379,382, 477 A.2d 119 (1984), the court enunciated the following test for determining whether a proceeding is a contested case: "(1) whether a legal right, duty or privilege is at CT Page 2399 issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held." (Citation omitted). See Summit Hydropower v. Commissioner of Environmental Protection, 7 CTLR 95, 97 (August 17, 1992, Fuller, J.). Moreover, "where a hearing is `in fact held,' in order to constitute a contested case, a party to that hearing must have enjoyed a statutory right to have his `legal rights, duties or privileges' determined by that agency holding the hearing." (Citations omitted). New England Dairies, Inc. v. Commissioner of Agriculture, supra, 427; Lewis v. Gaming Policy Board, 224 Conn. 693, 705-06, ___ A.2d ___ (1993), citing New England Dairies, Inc. v. Commissioner of Agriculture, supra, 427.
General Statutes 22a-361(a) and (b) (Rev. to 1989) was in effect at the time the agency hearings began and provides the statutory framework in which the Commission reviewed and determined plaintiff's permit application:
 Sec. 22a-361. (Formerly Sec. 25-7d). Permit for dredging or erection of structures or placement of fill. Regulations. (a) No person, firm or corporation, public, municipal or private, shall dredge or erect any structure, place any fill, obstruction or encroachment or carry out any work incidental thereto in the tidal, coastal or navigable waters of the state waterward [sic] of the high tide line until such person, firm or corporation has submitted an application and has secured from said commissioner a certificate or permit for such work and has agreed to carry out any conditions necessary to the implementation of such certificate or permit. Said commissioner shall promptly give written notice of the receipt of any application for, and of the issuance of, such a certificate or permit by certified mail, return receipt, to the commissioner of transportation and to the chief executive officer and the chairmen of the planning, zoning and harbor management commissions of each town in which such structure, fill, obstruction or dredging is to be located or work to be performed, and to the owner of each oyster franchise or ground and the lessee of each oyster ground within which such work is to be performed. The commissioner shall consider such recommendations as the commissioner of transportation may submit to him in CT Page 2400 writing within thirty days of the receipt of such notice.
 (b) The commissioner of environmental protection may adopt, in accordance with the provisions of chapter 54, regulations to carry out the provisions of sections 22a-359 to 22a-363, inclusive, and sections 22a-383 to 22-390, inclusive. The regulations shall be consistent with sections 22a-28 to 22a-35, inclusive, and regulations adopted thereunder, sections 22a-90 to 22a-100, inclusive, and sections 22a-113k to 22a-113t, inclusive. They shall establish criteria for granting, denying, limiting, conditioning or modifying permits giving due regard for the impact of regulated activities and their use on the tidal, coastal or navigable waters of the state, adjoining coastal and tidal resources, tidal wetlands, navigation, recreation, erosion, sedimentation, water quality and circulation, fisheries, shellfisheries, wildlife, flooding and other natural disasters and water-dependent use opportunities as defined in section 22a-93. The regulations may provide for consideration of local, state and federal programs affecting tidal, coastal and navigable waters of the state and the development of the uplands adjacent thereto and may set forth informational material describing general categories of regulated activities for the purpose of providing permit applicants with a more explicit understanding of the regulations. Such informational material shall be consistent with and shall not increase the discretion granted to the commissioner under the policies, standards and criteria contained in sections 22a-359, 22a-383, 22a-92 and 22a-93, and this section.
Pursuant to General Statutes 22a-361(a), the Commissioner was required to act on plaintiff's application. Accordingly, the Commissioner was required by statute to determine plaintiff's legal rights and privileges within the meaning of General Statutes 4-166(2). See Lewis v. Gaming Policy Board, supra, 702-03, 709 (plaintiff served "at the pleasure of" the executive directors; there is no express statutory requirement obligating the defendant to determine plaintiff's legal right or privilege to continued employment so there is no contested case); Duffy v. State Employees Retirement Commission, 6 CTLR 67 (March 23, 1992, CT Page 2401 Maloney, J.) (even if there was no statutory right to a hearing, plaintiff appealed from a final decision in a contested case where the Commission was statutorily required to determine plaintiff's legal rights to retirement benefits and a hearing was in fact held); Summit Hydropower v. Commissioner of Environmental Protection, supra (under General Statutes 4-183 and 4-166, there is a right to appeal following a hearing requested by the applicant where the agency was statutorily required to determine plaintiff's application).
The defendants assert that because there is no statutory right to a hearing under General Statutes 22a-361, the plaintiff's appeal is not a "contested case" within the meaning of General Statutes 4-166, citing Hokin v. Keeney, 5 CTLR 144 (November 11, 1991, Rush, J.); Davenport v. Carothers, 5 CTLR 104 (October 28, 1991, Maloney, J.); and Doyle v. Commissioner of Environmental Protection,3 Conn. L. Rptr. 463 (April 5, 1991, Arena, J.). The defendants' argument is not persuasive in this case.
In Hokin, Davenport and Doyle, the court concluded that because a hearing is not required on an application for a permit pursuant to General Statutes 22a-361, the proceeding is not a "contested case." However, Hokin, Davenport and Doyle, involved an intervening third-party's right to appeal, rather than an applicants' right to appeal. Thus, unlike the present action, the Commissioner had no statutory duty to determine the third-party plaintiff's legal rights or privileges.
Defendants also cite Herman v. Division of Special Revenue, supra, and New England Dairies, Inc. v. Commissioner of Agriculture, supra, for the proposition that in order to have a "contest case" there must be a statutory requirement for a hearing. The defendants' reliance on Herman and New England Dairies, Inc. v. Commissioner of Agriculture, supra, for the proposition that in order to have a "contested case" there must be a statutory requirement for a hearing. The defendants' reliance on Herman and New England Dairies for the above-stated proposition is misplaced.
The present case is distinguishable from Herman in that here the plaintiff "had a statutory right to have his application decided by the Commissioner, whether or not the CT Page 2402 Commissioner decided to hold a public hearing." Summit Hydropower v. Commissioner of Environmental Protection, supra, 97. In Herman, supra, the plaintiff requested a hearing for reinstatement as a patron at a Jai Alai Fronton. The state division of special revenue conducted a hearing even though the agency had no statutory duty to determine plaintiff's eligibility for reinstatement. Thus, the court in Herman concluded that the case was not a "contested case" because the agency had no duty to determine plaintiff's claim.
In New England Dairies, plaintiffs were competitors challenging the approval of a license to another milk dealer. The court in New England Dairies, supra, 429 concluded that no hearing was required before the granting of a milk dealer's license, only before an action that would detrimentally affect the applicant and thus, that the hearing conducted did not constitute a contested case. The plaintiff argued only that a hearing was required, not that the hearing conducted constituted a hearing in fact held. Id., 427-28, 429. The hearing conducted was terminated before the plaintiff in New England Dairies submitted any evidence adverse to the applicant because the defendant had already granted the license, and thus, there was no longer a purpose for a hearing. Id., 425. The court did not state whether such a proceeding could constitute a hearing in fact held. In addition, the statute at issue did not require the defendant to determine the legal rights, duties, or privileges of the plaintiff, only those of the applicant. Id., 428-29.
In the present case, the Commissioner was required to act on plaintiff's application and thus, the Commissioner was required to determine plaintiff's legal rights and duties within the meaning of General Statutes 4-166(2). See Lewis, supra, 709.
The third requirement of the Herman test, is that the statute either requires an opportunity for a hearing, or in the alternative that a hearing in fact is held. Summit Hydropower, supra, citing Herman, supra, 383 n. 5; New England Dairies, Inc., supra, 427. As the court noted in Summit Hydropower, supra, 97, "[t]he statute does not require both." As already noted, when a hearing is in fact held, a party to the hearing must have enjoyed a statutory right to have his CT Page 2403 legal rights, duties or privileges determined by the agency holding the hearing. New England Dairies, supra, 427; Lewis, supra, 705-06; Herman, supra, 383 n. 5. It has been submitted that plaintiff had such a right. Moreover, here there was an extensive and comprehensive hearing which included five days of testimony. Thus, this hearing met the characteristics of an administrative hearing for the purposes of the UAPA. See Rybinski v. State Employees Retirement Commission, 173 Conn. 462, 469-70, 378 A.2d 547 (1977) (under the UAPA, a hearing is generally an adversarial proceeding where witnesses are heard and testimony is given).
In sum, this is a contested case because the Commissioner was statutorily required to determine the plaintiff's legal rights with respect to the structures and dredging permit and a hearing was in fact held. Thus, the denial of plaintiff's permit after the hearing was a final decision in a contested case. Accordingly, the plaintiff had the right to appeal under 4-183(a) and thus, that defendants' motion to dismiss is denied because this court has jurisdiction. See Summit Hydropower v. Commissioner of Environmental Protection, supra; Duffy v. State Employees Retirement Commission, supra.
Because this court has determined that plaintiff has appealed "a final decision in a contested case," this court need not address plaintiff's argument that failure to find subject matter jurisdiction with respect to the structures and dredging permit would violate article first, section ten of the Connecticut Constitution.
The defendants also contend that this court lacks subject matter jurisdiction to hear plaintiff's taking claim because the plaintiff has not established finality of the agency's determination. However, this court declines to consider the remainder of the motion to dismiss and any motion and objection thereto regarding the taking of additional evidence on grounds that said motions are more appropriately decided by the court which is ultimately assigned to hear the merits of the case.
Philip R. Dunn, J. CT Page 2404