[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is an appeal from denial of an application for a disability pension by the State Employees Retirement Commission, which reviewed and affirmed the findings of the Medical Examining Board. The Medical Examining Board held a hearing on the claimant's application. There was no hearing held by the State Employees Retirement Commission.
The defendants claim that the court does not have subject matter jurisdiction over this appeal because the appeal is not from a final decision in a contested case, even though a hearing was held and the Commission made a decision. A claim of lack of subject matter jurisdiction cannot be waived and may be raised at any time. McQuillan v. Department of Liquor Control, 216 Conn. 667,670. CT Page 8363
An appeal to the Superior Court may only be taken under 4-183
of the General Statutes from the final decision of a state agency in a contested case as defined in 4-166(2). New England Dairies, Inc. v. Commission of Agriculture, 221 Conn. 422, 427; Lewis v. Gaming Policy Board, 224 Conn. 693, 700. Even where a hearing is in fact held, in order to constitute a contested case, a party to the hearing must have a statutory right to have his legal rights, duties or privileges determined by the agency holding the hearing. New England Dairies, Inc. v. Commission of Agriculture, supra, 427. The three part test for contested case status involves 3 factors: "(1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held." Herman v. Division of Special Revenue, 193 Conn. 379, 382.
The application to the State Employees Retirement Commission was taken here under 7-432 of the General Statutes. That statute directs the Commission to determine the existence and continuance of a disability upon such medical evidence and other investigation as it requires, but does not require a hearing. There is no right to appeal under 4-183 where the defendants were not statutorily required to determine the plaintiff's claim in a hearing. Lewis v. Gaming Policy Board, supra, 701; Summit Hydropower Partnership v. Commissioner of Environmental Protection, 226 Conn. 792, 808. This arguably draconian rule was recently extended in Summit Hydropower to hold that the fact that the agency holds a hearing on the application, where it was not required to hold one by statute, still does not create a contested case or create the right to take an appeal. Id, 810-812.
The appeal is dismissed for lack of subject matter jurisdiction.
ROBERT A. FULLER, JUDGE