[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Ziska v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "The [Uniform Administrative Procedures Act (UAPA)] grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances." NewEngland Dairies, Inc. v. Commissioner of Agriculture, 221 Conn. 422,427, 604 A.2d 810 (1992), citing General Statutes § 4-183. The language of the UAPA indicates "that the legislature did not intend to authorize a right of appeal to the Superior Court from every determination of an administrative agency." (Citations omitted.)Summit Hydropower Partnership v. Commissioner of EnvironmentalProtection, 226 Conn. 792, 800, 629 A.2d 367 (1993).
The UAPA provides that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court. . . ." General Statutes § 4-183(a). "Final decision" is defined in the UAPA as an "agency determination in a contested case. . . ." General Statutes § 4-166(3). "Contested case" is defined in the UAPA as "a proceeding. . .in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . . ." General Statutes § 4-166(2).
"`The test for determining contested case status has been well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held.'" (Emphasis in original.) Summit Hydropower Partnership v.Commissioner of Environmental Protection, supra, 226 Conn. 800-01, quoting Herman v. Division of Special Revenue, 193 Conn. 379, 382,477 A.2d 119 (1984).
In Summit Hydropower Partnership v. Commissioner ofEnvironmental Protection, supra, 226 Conn. 793, the issue was whether a denial of an application for certification for a proposed CT Page 6710 hydroelectric facility constituted a contested case. The certification process at issue was one step in the licensing procedure for the proposed project. Id., 795. The court held that since the statute that provides for the certification process does not require the agency to hold a hearing on the application, the denial of application did not constitute a contested case. Id., 802. The court stated that
 even if. . .the plaintiff had a legal right to [the] certification, and even if that right or privilege was denied in a proceeding before the commissioner, the plaintiff does not have a right to appeal unless the commissioner was statutorily required to determine the plaintiff's legal right or privilege to [such] certification in a hearing or after an opportunity for a hearing.
(Emphasis in original, citations omitted.) Id.
In the present case, the defendant argues that since the pertinent statute, General Statutes § 19a-155a, does not require the commission to hold a hearing, its decision to deny the plaintiff's application for authorization to continue with the licensure of the ten-bed addition was not part of a contested case. The plaintiff argues that the commission's approval to proceed with construction of the ten-bed addition constitutes a license and, therefore, the plaintiff is entitled to a hearing before the license may be withdrawn.
The plaintiff applied for approval for the ten-bed addition pursuant to General Statutes § 19a-155a, which states:
 any nursing home. . .may, on a one-time basis, increase its licensed bed capacity and implement a capital construction project to accomplish such an increase without being required to request or obtain approval of the increase in services, licensed bed capacity or the capital expenditures program from the commission. . .provided that the project (1) shall not require licensure by the department of health services of more than ten additional nursing home beds and (2) the total capital cost of said program shall not exceed thirty CT Page 6711 thousand dollars per bed. . . .
General Statutes § 19a-155a.
This section was amended by Public Act 93-406, which added:
 The General Assembly finds evidence of insufficient need for all the nursing home beds permitted pursuant to [the above subsection] . . .and finds allowing unnecessary beds to be licensed will result in severely damaging economic consequences to the state and to consumers. An addition of beds initiated pursuant to this section shall be licensed no later than June 9, 1993. A facility which has initiated the addition of beds but has not obtained licensure of such beds, may, no later than July 15, 1993, apply to the Commission on Hospitals and Health Care for authorization to proceed with completion of the additional beds and application for licensure, provided (A) plans for the additional beds have been approved by the Department of Health Services. . .no later than June 1, 1993, and (B) twenty-five per cent of estimated project costs have been expended no later than june [June] 9, 1993. . . . Public Act 93-406.
Neither General Statutes § 19a-155a nor Public Act 93-406 requires the commission to provide a hearing to determine if the applicant is entitled to proceed with licensure of a ten-bed addition.
In the present case, the plaintiff had a legal right to seek approval to pursue licensure of the ten-bed addition and to apply for an exception to the prohibition on additions. However, the commission is not statutorily required to determine the plaintiff's rights and privileges in a hearing or after an opportunity for a hearing. Therefore, since the commission is not required by statute to provide an opportunity for a hearing to determine the plaintiff's legal right to pursue licensure of the ten-bed addition, the present case is not a contested case within the meaning of the UAPA. Therefore since the present case is not a contested case, the commission's decision to deny the plaintiff's application for an exception to Public Act 93-406 was not a final CT Page 6712 decision from which the plaintiff had a right to appeal pursuant to General Statutes § 4-183(a). Therefore, the motion to dismiss is granted.