[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS
CT Page 6688
This is an action purporting to be an administrative appeal under the provisions of General Statutes § 4-183. The complaint identifies the plaintiff City of Stamford as a municipal corporation and as a school district for all public schools within its limits under General Statutes § 10-240. The Board of Education of the City of Stamford is also a plaintiff. The complaint identifies the Board of Representatives of the City of Stamford as the legislative body of the City of Stamford.
The complaint asserts that the defendant State Board of Education is charged with the general supervision and control of education within the State of Connecticut and that the defendant Vincent L. Ferrandino is the Commissioner of Education and chief administrator for educational functions for the State of Connecticut. It identifies the defendant Stamford Education Association and the defendant Stamford Administrative Unit as duly authorized organizations designated or elected as the exclusive collective bargaining representatives for certain employees of the Board of Education of the City of Stamford.
On December 28, 1993, an arbitration award was issued, in accordance with subsection (c)(4), concerning the collective bargaining agreement between the Stamford Board of Education and the Stamford Education Association; on December 29, 1993 an arbitration award was issued concerning the collective bargaining agreement between the Stamford Board of Education and the Stamford Administrative Unit.
The complaint alleges that on January 20, 1994, within 25 days of receipt of the notice of awards and pursuant to General Statutes § 10-153f(c)(7), the Board of Representatives of the City of Stamford voted to reject both awards, voting 21 to 9 to reject the December 28 award and 30 to 0 to reject the December 29 award.
On January 26, 1994, within 10 days of the vote and pursuant to § 10-153f(c)(7), the Board notified the State Commissioner of Education of the rejection of both awards.
The plaintiffs further claim that under § 10-153f(c)(7), the Commissioner is required to appoint review panels within ten days after the Commissioner has been notified of the vote to reject. Despite requests and demands that the Commissioner CT Page 6689 appoint such panels, he has refused to appoint the panels. Instead, by letter dated February 7, 1994, the Commissioner issued a "decision" in which he concluded that he lacked jurisdiction to appoint the review panels.
The plaintiffs claim that the "decision" of the Commissioner was an abuse of discretion, illegal, and erroneous as a matter of law and the complaint sets for specific grounds for such claims.
The complaint then alleges that "the `decision' whereby the Commissioner declined to exercise jurisdiction constitutes a final decision for the purposes of § 4-183 of the Connecticut General Statutes."
The plaintiffs request by way of relief that the court reverse the decision of the Commissioner of Education on the issue of jurisdiction, and remand for further proceedings according to law.
The several defendants have each filed a motion to dismiss the administrative appeal for lack of subject matter jurisdiction on the ground that the decision appealed from was not rendered in a "contested case" within the meaning of § 4-166(2) of the General Statutes.
General Statutes § 4-183 allows an appeal to the superior court so that ". . . (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal.
General Statutes § 4-166(3) defines "final decision" to mean the agency determination in a contested case. The definition of a contested case is contained in General Statutes § Sec. 4-166(2):
 "Contested case" means a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held, but does not include proceedings on a petition for a declaratory ruling under section 4-176 or hearings referred CT Page 6690 to in section 4-168.
It appears that the "decision" which is the subject of this appeal arose in proceedings under the Teacher Negotiation Act. Under this act, General Statutes § 10-153f provides a mechanism, through the office of the Commissioner of the State Department of Education, for mediation and arbitration towards the resolution of disputed collective bargaining issues should any local board of education, after negotiation, not come to an agreement with the exclusive representatives of a teachers' or an administrators' unit concerning the terms and conditions of employment applicable to the employees in such unit.
Disputed issues among the Board of Education and the Stamford Education Association and Stamford Administrative Unit were submitted to arbitration. General Statutes § 10-153f(c)(4) provides that after hearing all the issues, the arbitrators shall, within twenty days, render a decision in writing, signed by a majority of the arbitrators which states in detail the nature of the decision and the disposition of the issues. The decision of the arbitrators is considered final and binding upon the parties to the dispute unless a rejection by an appropriate legislative body is filed in accordance General Statutes § 10-153f
(c)(7).
General Statutes § 10-153f(c)(7) provides that, within twenty-five days of its receipt, the award of the arbitrators may be rejected by a two-thirds majority vote of the members of the legislative body of the local school district. If the legislative body rejects any such award, then, within ten days after the vote to reject, it shall notify the commissioner and the exclusive representative for the teachers' or administrators' unit of such vote and the reasons for the rejection. Thereafter:
 "Within ten days after the commissioner has been notified of the vote to reject, (A) the commissioner shall select a review panel of three arbitrators or, if the parties agree, a single arbitrator, who are residents of Connecticut and labor relations arbitrators approved by the American Arbitration Association and not members of the panel who issued the rejected award, and (B) such arbitrators or single arbitrator shall review the decision on each rejected issue. . . . Within five days after the completion of such review, the arbitrators or single arbitrator shall render a final and binding award with respect to each rejected issue. CT Page 6691 . . .
It is conceded that the Commissioner did not appoint review panels. Instead, on February 7, 1994, the Commissioner informed the plaintiffs that he would not appoint review panels with respect to the two awards because of claimed lack of jurisdiction.
The plaintiffs have not alleged that General Statutes § 10-153f(c)(7) required the Commissioner to hold a hearing before appointing the review panel, in fact the allegations of grievances appear to claim that he was obliged to recognize the valid vote of the Board of Representatives and proceed to appoint the review arbitrators. Although they do not claim that an actual hearing was conducted, they cite an excerpt from the Commissioner's letter that "[d]uring the week of January 31, 1994 through February 4, 1994, [the parties] were given a full opportunity to express their positions as to the vote of the Stamford Board of Representatives," as an indication that an opportunity for a hearing was offered. There is no claim that any submissions other than correspondence and the notice of the vote result were made.
The defendants emphasis that a contested case requires that it be one in which the rights of a party are required by statuteto be determined by an agency after an opportunity for hearing orin which a hearing is in fact held. They point out that General Statutes § 10-153f(c)(7) does not require the Commissioner to offer an opportunity to hold a hearing and in this instance no hearing was in fact held. Even if a hearing were in fact held, by correspondence or otherwise, it would still not qualify as a contested case.
The defendants note that not all actions of an administrative agency are subject to judicial review under the UAPA. They cite to that effect Summit Hydropower v. Commissionerof Environmental Protection, 226 Conn. 792, 629 A.2d 367 (1993), at page 800:
 The statutory requirement that an appeal to the Superior Court may be taken only from a contested case as defined in 4-166(2) is an obvious indicator that the legislature did not intend to authorize a right of appeal to the Superior Court from every determination of an administrative agency. See New England Dairies, Inc. v. Commissioner ofCT Page 6692 Agriculture, 221 Conn. 422, 427, 604 A.2d 810 (1992); Connecticut Bank Trust Co. v. Commission on Human Rights Opportunities, 202 Conn. 150, 154, 520 A.2d 186 (1987). "The UAPA grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances." New England Dairies, Inc. v. Commissioner of Agriculture, supra.
They claim and the court agrees that an administrative appeal to the superior court is available only in a "contested case" in which the agency rendering the decision was required by statute to hold a hearing. In support of this assertion, the defendants cite Lewis v. Gaming Policy Board, 224 Conn. 693,620 A.2d 780 (1993), at 700.
 . . . Judicial review of an administrative decision is governed by General Statutes 4-183(a) of the UAPA, which provides that "[a] person who has exhausted all administrative remedies . and who is aggrieved by a final decision may appeal to the superior court . . . ." A final decision is defined in 4-166(3)(A) as "the agency determination in a contested case . . . ." (Emphasis added.)
 A "contested case" is defined in 4-166(2) as "a proceeding . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ." (Emphasis added). Not every matter or issue determined by an agency qualifies for contested case status. See, e.g., New England Dairies, Inc. v. Commissioner of Agriculture, supra. "[W]e have determined that even in a case where a hearing is `in fact held,' in order to constitute a contested case, a party to that hearing must have enjoyed a statutory right to have his `legal rights, duties or privileges' determined by that agency holding the hearing . . . . In the instance where no party to a hearing enjoys such a right the Superior Court is without jurisdiction over any appeal from that agency's determination." (Citations omitted.) Id.
It is clear that the General Statutes § 10-153f(c)(7) does not require the Commissioner to offer an opportunity to hold a hearing before appointing an arbitration review panel. It is also clear that no hearing was in fact held or even adopting the plaintiff's position that the submission of the results of the CT Page 6693 vote by the Board of Representatives amounted to a hearing, since there was no statutory right to a hearing, the superior court is nonetheless without jurisdiction to entertain this appeal under the provisions of General Statutes § 4-183.
The defendants' motions to dismiss for lack of jurisdiction are granted.
NIGRO, J.