[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 1420-JJ
The defendant moves to strike subparagraphs 6(1) and 6(m) of the plaintiff's complaint, respectively alleging violations of General statutes § 47a-51 (c) and General Statutes § 47a-7 (a)(2), (3), on the ground that the plaintiff fails to allege a landlord-tenant relationship.
On June 22, 1994, the plaintiff, Michael Otfinowski, filed a single count complaint against the defendant, Vas Bedrossian. The plaintiff alleges that the defendant directed him to put roofing on the upper roof of the defendant's building located at 17 New Britain Avenue, Hartford ("the building"). The plaintiff further alleges that upon ascending a ladder to the roof of the building, the ladder slid, causing the plaintiff to fall and suffer injuries.
The plaintiff claims that his injuries and losses were caused by the carelessness and negligence of the defendant. Specifically, in subparagraph 6(1), the plaintiff claims that the defendant" failed to keep said part of the building in good repair in violation of § 47a-51 (c) of the General statutes." In subparagraph 6(m), the plaintiff alleges that the defendant "failed to make all repairs and do whatever was necessary to put and keep the porch roof in a fit and habitable condition and failed to keep this common area of the premises in a safe condition in violation of § 47a-7 (a)(2) and (3) of the General statutes."
On October 11, 1995, the defendant filed a motion to strike subparagraphs 6(1) and 6(m) of the plaintiff's complaint on the ground that General statutes §§ 47a-7
(a)(2), (3) and 47a-51 (c) require a landlord-tenant relationship, which the plaintiff fails to allege. In accordance with Practice Book § 155, on the same date the defendant filed a memorandum of law in support of his motion to strike. On October 26, 1996, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike.
The purpose of a motion to strike is to "test the legal sufficiency of a pleading." RK Constructors, Inc. v.CT Page 1420-KKFusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). For example, the motion to strike "contest [s] the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. 's (Internal quotation marks omitted.) Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). See also Practice Book § 152.
In his motion to strike, the defendant argues that subparagraph 6(1), alleging a violation of General statutes § 47a-51 (c), and subparagraph 6(m), alleging a violation of General statutes § 47a-7 (a)(2), (3), require a landlord-tenant relationship. The defendant further argues that the plaintiff fails to allege a landlord-tenant relationship with the defendant.
In opposition, the plaintiff argues that a motion to strike may not attack subparagraphs of a complaint. The plaintiff further argues that General statutes §§ 47a-7
(a)(2), (3), and 47a-51 (c) do not limit recovery to injured tenants. Therefore, the plaintiff argues that as a visitor to the defendant's building, he may seek recovery under General statutes §§ 47a-7 (a)(2), (3) and 47a-51 (c).
"[A]n individual paragraph of a complaint may be the proper subject of a motion to strike if it embodies an entire cause of action." Hanif v. Asylum Hill, Inc.,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0392658 (March 10, 1993, Wagner, J.). Similarly, a motion to strike may properly attack a subparagraph if it purports to state an entire cause of action. E.g., Moscariello v. Savo, Superior Court, judicial district of Waterbury, Docket No. 111735 (January 11, 1994, Sylvester, J.); Andrews v. Caron Brothers, Inc.,
Superior Court, judicial district of Tolland at Rockville, Docket No. 45136 (March 26, 1992, McWeeny, J.). Because the plaintiff, in subparagraph 6(1), alleges that the defendant violated General statutes § 47a-51 (c), subparagraph 6(1) purports to state an entire cause of action. Similarly, because the plaintiff, in paragraph 6(m), alleges that the defendant violated General statutes § 47a-7 (a)(2)(3) subparagraph 6(m) purports to state an entire cause of action. Accordingly, the defendant's motion to strike properly attacks subparagraphs 6(1) and 6(m) of the plaintiff's complaint. CT Page 1420-LL
General Statutes § 47a-7 (a) provides, in relevant part, that "[a] landlord shall: . . . (2) make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition, except where the premises are intentionally rendered unfit or uninhabitable by the tenant, a member of his family or other person on the premises with his consent, in which case such duty shall be the responsibility of the tenant; (3) keep all common areas of the premises in a clean and safe condition." General statutes § 47a-51 (c) provides that" [e]ach building used as a tenement, lodging or boarding house and all parts thereof shall be kept in good repair."
"It is well established that `[i]n order to establish liability as a result of a statutory violation, a plaintiff must satisfy two conditions. First, the plaintiff must be within the class of persons protected by the statute. . . . Second the injury must be of the type which the statute was intended to prevent.'" (citations omitted; internal quotation marks omitted.) Gore v. People's Savings Bank,235 Conn. 360, 365-76, 665 A.2d 1341 (1995). In addition, in interpreting a statute, for example, to determine the class of persons and the type of injury protected, § 1-1 of the General statutes provides that "words and phrases shall be construed according to the commonly approved usage of the language." See also Superintendent of Police v.Freedom of Information Commission, 222 Conn. 621, 628 n. 7,609 A.2d 998 (1992). Therefore, "`[i]n construing a statute, common sense must be used and courts will assume that the legislature intended to accomplish a reasonable and rational result.'" State of Connecticut v. RonnieHinton, 227 Conn. 301, 320, 630 A.2d 593 (1993). AS a result," to determine the collectively expressed legislative intent, we look first to the language of the statute itself. If that language is plain and unambiguous, we go no further." (Internal quotation marks omitted.)New England Dairies, Inc. v. Commission of Agriculture,221 Conn. 422, 429, 604 A.2d 810 (1992).
This Court finds the language of General statutes §§47a-7 (a)(2), (3) and 47a-51 (c) to be plain and unambiguous. Accordingly, the plaintiff may seek recovery pursuant to General statutes § 47a-7 (a)(2), (3) only if the defendant's relationship to the building is that of' a landlord. CT Page 1420-MM Similarly, the plaintiff may seek recovery pursuant to General statutes § 47a-51 (c) only if the defendant was using his building as a tenement, lodging or boarding house.
The motion to strike "admits all facts well pleaded."RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383
n. 2, 650 A.2d 153 (1994). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Yale University v.Wurtzel, 3 Conn. L. Rptr. 520, 521 (April 9, 1991, Mihalakos, J.). Therefore, the court "cannot look beyond the complaint for facts not alleged." Robert S. WeissAssociates, Inc. v. Wiederlight, 208 Conn. 525, 537,546 A.2d 216 (1988).
The plaintiff alleges that the "Defendant requested that Plaintiff put roofing on the upper roof of said building and plaintiff agreed to do so." (Plaintiff's Complaint ¶ 2). The plaintiff further alleges that the defendant "owned, operated, inhabited, maintained, possessed and/or controlled" the building. (Plaintiff's Complaint ¶ 1). The plaintiff fails to allege that the defendant was using his building as a tenement, lodging or boarding house. The plaintiff fails to allege that the defendant, in his interaction with the plaintiff, was acting as landlord of his building. Accordingly, the defendant's motion to strike subparagraphs 6(1) and 6(m) of the plaintiff's complaint are granted.
M. Hennessey, J.