[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
CT Page 3479
Defendants, State of Connecticut, Department of Education and State of Connecticut Board of Education move to dismiss this case for lack of subject matter jurisdiction. The affidavits and exhibits submitted in support of the motion reveal the following facts.
The plaintiff was hired as a teacher at Bullard-Havens Regional Vocational Technical School in Bridgeport, Connecticut, by the State of Connecticut Board of Education for the school year 1997-1998. Bullard-Havens Regional Vocational Technical School is operated by the State of Connecticut as part of the vocational technical school system for the State of Connecticut. C.G.S. § 10-95. On June 5, 1998, the school's director, Joseph LaVorgna, notified the plaintiff during his first year that he was being terminated, effective at the year's end. Plaintiff appealed LaVorgna's decision to Dominic Spera, then interim superintendent for the vocational-technical school system. Spera met with the plaintiff, his union representative and a labor relations specialist from the State of Connecticut Department of Education on June 19, 1998 to hear the plaintiff's appeal. On June 30, 1998 Spera sent the plaintiff a letter affirming LaVorgna's decision terminating him. The plaintiff appeals the superintendent's decision to this court. Defendants claim the court lacks jurisdiction over the subject matter of the appeal.
A motion to dismiss is a proper manner in which to contest the court's jurisdiction. Connecticut Practice Book § 10-31. The motion admits all well pleaded facts and the complaint must be construed most favorably to the plaintiff. Duguay v. Hopkins,191 Conn. 222, 287 (1983). Where the motion is accompanied by supporting affidavits and exhibits, the court may look to their content for determination of the jurisdictional issue. Barde v.Board of Trustees Regional Community College, 207 Conn. 59, 60
(1988).
An appeal to the court from an administrative agency exists only under statutory authorization and where such authorization is lacking the Superior Court is without jurisdiction over the appeal. New England Dairies, Inc. v. Commission of Agriculture,221 Conn. 422, 427 (1992).
The plaintiff, in his complaint, asserts that his termination was illegal because in violation of Connecticut General Statutes CT Page 3480 § 10-151 et seq. Section 10-151 defines a board of education as meaning a local or regional board of education. A teacher is a certified professional employee employed by such a board of education. The plaintiff recognizes that as a teacher in a state vocational-technical school § 10-151 does not directly apply to him because clearly he is not a teacher employed by a local or regional board of education within the meaning of that statute. However, he asserts that § 10-15d incorporates by reference all the provisions of § 10-151 and thereby gives him rights similar to teachers in a local public school. Section 10-15d provides "Allprovisions of the general statutes concerning education, except those provisions relating to the eligibility for state aid unless otherwise provided, shall apply to the operation of the vocational-technical schools established pursuant to the provisions of § 10-95." (underlining added)
The issue is whether that statute, using the phrase "All provisions of general statutes concerning education," was meant to encompass teacher employment rights. The section is in a chapter entitled "Educational Opportunities" and relates to such matters as access of parents or guardians to student records (§ 10-15b); prohibition against discrimination in public schools and rights of children over five years to attend school (§ 10-15c); silent meditation (§ 10-16a); prescribed courses of study (§ 10-16b); family life education curriculum (§ 10-16c); head start grant program (§ 10-16n); school readiness program (§ 10-16o), and other provisions relating to the operation of schools. When the legislature wanted to refer to teachers, it so stated. Thus, § 10-15e provides that "All provisions of the general statutes concerning teachers shall apply to teachers employed by incorporated or endowed high schools or academies. . . ." Section 10-151 relates specifically to the employment of teachers and their rights when suspended or terminated. The legislative history of § 10-15d is silent as to its applicability to teachers.
On balance, the court concludes that the language of § 10-15d is so inclusive, ("All provisions of the general statutes concerning education") that it must be interpreted to include all of the provisions of Title 10; §§ 10-1 et seq., and would thus include § 10-151 relating to the rights of teachers upon suspension or termination.
However, § 10-151 (c) upon which plaintiff so heavily relies avails him naught. Plaintiff is a first year non-tenured teacher CT Page 3481 whose contract was not renewed. Section 10-151 (c) provides that a teacher without tenure whose contract is not renewed may appeal to the board of education, but only a teacher "whose contract is terminated for the reasons enumerated in subdivisions (3) and (4) of subsection (d) of this section shall have the right to appeal in accordance with the provisions of subsection (e) of this section."
Subdivisions (3) and (4) of § 10-151 (d) refers to termination for "(3) moral misconduct; (4) disability as shown by competent medical evidences."
Section 10-151 (e) provides for an appeal of the decision of the board of education to the Superior Court.
Since non-renewal of plaintiff's contract was not because of moral misconduct or medical disability, § 10-151 (c) does not apply to him and as a consequence, he has no right of appeal to this court under § 10-151 (e). See Draham v. Board of Education,42 Conn. App. 480, 487 (1996); Mazurek v. Wolcott Board ofEducation, 25 Conn. L.Rptr. 42.[1] (Superior Court, Waterbury, Judicial District, CV 98-0148916 (Pellegrino, J., July 6, 1999).
The plaintiff was employed pursuant to a collective bargaining agreement between the State of Connecticut Board of Education and the State Vocational Federation of Teachers Local 4200A. Section One of that agreement provides as follows: "Tenured employees and non-tenured employees with more than one (1) year of service shall not be dismissed, suspended or disciplined except for just cause. Arbitration shall be the exclusive procedure for resolving disputes over dismissals or suspensions under this Article and shall supersede any pre-existing procedure, including the procedure specified in Chapter 166, Section 10-151 of the Connecticut General Statutes. The Arbitrator shall have the right to reinstate employees, award back pay, and issue other appropriate remedial orders within the scope of this Agreement." Section Two provides: "Employees with less than one (1) year of service may grieve discipline under Article 21 based on a claim of inequitable treatment."
Section 5-278 (e) provides: "Where there is a conflict between any agreement. on matters appropriate to collective bargaining . . . and any general statute . . . the terms of such agreement . . . shall prevail." CT Page 3482
The court does not reach the question of whether or not, pursuant to § 5-278 (e), the collective bargaining agreement prevails over § 10-151 (c) because, even if it does, the express terms of the agreement gives plaintiff, as a first year teacher, only the right to grieve the non-renewal of his contract and not the right of appeal to this court.
Thus, the motion to dismiss is granted.
Robert Satter Judge Trial Referee