## JOHN P. AMBROGIO *v.* BOARD OF FIREARMS PERMIT EXAMINERS ET AL.

SUPERIOR COURT       JUDICIAL DISTRICT OF       FILE NO. 325423
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed January 17, 1992

*Bercham, Moses & Devlin,* for the plaintiff.

*Stephen R. Sarnoski,* assistant attorney general, and *Richard Blumenthal,* attorney general, for the defendants.

DeMAYO, J. This is an appeal from a final decision of the named defendant, the board of firearms permit examiners (board), taken pursuant to General Statutes § 4-183. The plaintiff claims to be aggrieved by the decision of that defendant, an agency of the state, ordering him to issue a handgun permit to Donald Henriques. Before discussing the merits of the appeal, the court is obliged to address the jurisdictional claims advanced by the office of the attorney general on behalf of the board.

The board's first argument is that the court lacked the authority to stay proceedings pending the appeal. The board further argues that the proper remedy for this plaintiff is by way of a mandamus action pursuant to General Statutes § 29-32b (e).

Section 4-183 (f) deals with stays and provides: "An application for a stay may be made to the agency, to the court or to both." The court must reject the board's claim in view of this language.

As to the suggestion for the use of mandamus, this remedy is available only to the board under § 29-32b (e) "[i]f any issuing authority neglects or refuses to comply with a decision of the board . . . ." Section 29-32b (f) specifically addresses appeals and states: "Any person aggrieved by the decision of the board may appeal therefrom in accordance with the provisions of section 4-183." The court finds no merit to these

defense arguments and rejects them in toto. The court finds that the plaintiff is aggrieved by the decision and that the court has jurisdiction.

In the decision from which this plaintiff is appealing, the board construed General Statutes §§ 29-28, 29-28a and 29-29 as requiring that a police chief to whom an application for a gun permit is made make a finding as to the applicant's suitability within eight weeks of the filing of the application.

Section 29-28 requires that a police chief find that the applicant "is a suitable person to receive such permit." Section 29-28a (b) provides: "The issuing authority shall, not later than eight weeks after a sufficient application for a permit has been made, inform the applicant that his request for a permit has been approved or denied."

Section 29-29 provides: "INFORMATION CONCERNING CRIMINAL RECORDS OF APPLICANTS FOR PERMITS. No permit for carrying any pistol or revolver shall be issued under the provisions of section 29-28 unless the applicant for the same gives to the issuing authority, upon its request, full information concerning his criminal record, and such issuing authority shall thereupon take a full description and the fingerprints of such applicant and make an investigation concerning his suitability to carry any such weapons. No permit shall be issued if the applicant has ever been convicted of a felony."

The only central repository of nationwide fingerprint data is the Federal Bureau of Investigation (FBI) headquarters in Washington, D.C. The plaintiff argues that since he must make a finding of suitability before issuing a permit, and since an applicant is not deemed suitable if he or she "has ever been convicted of a felony," an FBI fingerprint check is necessary to determine whether an applicant has ever been convicted of a felony. He further contends that since it is impossible

to receive FBI fingerprint records within the eight week period prescribed by § 29-28a (b), it is erroneous to conclude that the eight week limitation is mandatory. A Connecticut state police fingerprint check would only pertain to Connecticut felony convictions. The prohibition against issuing a permit "if the applicant has ever been convicted of a felony" must be construed to mean a conviction anywhere in the United States.

The board claims that the eight week time period is mandatory and that if the police chief does not discover any reason to deny the application within that period, the application must be approved.

There are no appellate cases that interpret the statutory provisions in dispute. The board relies on two Superior Court decisions to support its position that the eight week time period in § 29-28a (b) is mandatory. The board's reliance is misplaced, however, as to *West Hartford* v. *Board of Firearms Permit Examiners,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 337882 (February 27, 1989, 15 Conn. L. Trib. 16). In that decision, the court, *Quinn, J.,* merely stated the language of the statute and indicated that no permit was issued within the time frame. The case was then decided against the defendant board on other grounds.

In *Ambrogio* v. *Board of Firearms Permit Examiners,* Superior Court, judicial district of New Haven, Docket No. 202684 (September 27, 1982), the court was also confronted with the failure of this same plaintiff to issue a permit within the prescribed time limit. The long delay in that case, however, was occasioned by a one year moratorium imposed by the FBI in processing fingerprint classification requests. In that decision, this observation appears: "Clearly, the mandate of a six-week limitation would be frustrated if an

issuing authority could sit on an application indefinitely because of an action taken by a federal agency."

There is no suggestion in the present case that the issuing authority is delaying action indefinitely.

"A statute should not be interpreted in any way to thwart its purpose." *Evening Sentinel* v. *National Organization for Women,* 168 Conn. 26, 31, 357 A.2d 498 (1975). Moreover, a statute should be construed so that no part of a legislative enactment is treated as insignificant or unnecessary. *84 Century Ltd. Partnership* v. *Board of Tax Review,* 207 Conn. 250, 263, 541 A.2d 478 (1988). In evaluating a statutory provision, the court should consider " 'its legislative history, its language, the purpose it is to serve and the circumstances surrounding its enactment.' " *Verrastro* v. *Sivertsen,* 188 Conn. 213, 221, 448 A.2d 1334 (1982).

Section 29-28a (b) provides that the eight week time period begins to run "after a *sufficient application* for permit has been made . . . ." (Emphasis added.) Section 29-29 defines what constitutes a sufficient application and forbids the issuance of a permit "unless the applicant . . . gives to the issuing authority . . . full information concerning his criminal record . . . . No permit shall be issued if the applicant *has ever been convicted of a felony."* (Emphasis added.)

The language of the statutory sections in question is consistent with the conclusion that these provisions are directory and not mandatory. "The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 68, 82 A.2d 345 (1951). If it is a matter of substance, the statutory provision is mandatory. *State ex rel. Eastern Color Print-*

*ing Co.* v. *Jenks,* 150 Conn. 444, 451, 190 A.2d 591 (1963). If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. *Winslow* v. *Zoning Board,* 143 Conn. 381, 388, 122 A.2d 789 (1956). 'Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply.' *Broadriver, Inc.* v. *Stamford,* 158 Conn. 522, 529, 265 A.2d 75 (1969)." *Fidelity Trust Co.* v. *BVD Associates,* 196 Conn. 270, 278, 492 A.2d 180 (1985); see also *Hartford Principals' & Supervisors' Assn.* v. *Shedd,* 202 Conn. 492, 505, 522 A.2d 264 (1987).

Further "provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory." *Tramontano* v. *Dilieto,* 192 Conn. 426, 432, 472 A.2d 768 (1984); see also *Albert Bros., Inc.* v. *Waterbury,* 195 Conn. 48, 54–55, 485 A.2d 1289 (1985).

In *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 503–504, 503 A.2d 1161 (1986), the Supreme Court set forth the test to be applied in determining whether a provision is mandatory or directory. "Unless there is reason to believe that the legislature intended that the duty not be performed at all except within the time prescribed or that the time restriction should be considered a limitation upon the power of the tardy officer, failure to act within the time specified should not invalidate the action taken. . . . It is of course difficult to lay down a general rule to determine in all cases when the provisions of a statute are merely directory and when mandatory or imperative, but, of all the rules mentioned, the test most satisfactory and conclusive is, whether the prescribed mode of action is of the essence of the thing

to be accomplished, or in other words, whether it relates to matter material or immaterial—to matters of convenience or of substance." (Citation omitted; internal quotation marks omitted.) Id.

This court doubts that the legislature intended that the issuing officer not perform the fingerprint check at all except within the eight week period. The implications of such a result in light of the time required to get FBI reports would be to virtually negate the prohibition in § 29-29 that no felon receive a permit.

Similarly, since the legislature adopted § 29-29, it obviously concluded that disqualification of felons was a material matter. The delay occasioned by such a process is purely and simply a matter of convenience.

A reading of both statutory provisions indicates that the legislature intended to ensure the issuing authority a reasonable time within which to determine the suitability of the applicant. Were the court to construe the eight week time period as mandatory, the practical effect would be to bar the availability of FBI fingerprint records from permit investigators. The legislature provided for a felony check in § 29-29, and to read the statute in a way that renders that provision meaningless violates basic principles of statutory construction. For the foregoing reasons, it is found that the eight week time period set forth in § 29-28a (b) is a directory provision, and the requirement in § 29-29 that no permit be issued if the applicant has ever been convicted of a felony necessitates the use of FBI fingerprint records to determine an applicant's suitability.

These conclusions are consistent with the tenor of § 29-28, which requires the chief of police to find the applicant "is a suitable person to receive such permit." That requirement conveys the intention on the part of the legislature to have the chief of police utilize discretion in evaluating an applicant.

Obviously, this discretion is not unbridled and cannot be utilized against an applicant without a reasonable basis. Similarly, the processing of the application and the fingerprint search request must be pursued in a reasonably diligent manner.

The appeal is sustained and the order of the defendant board directing the plaintiff to issue the permit in question is vacated.