[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff instituted the present administrative appeal, pursuant to General Statutes § 4-183, from a decision of the defendant, the Chief of Police of the City of Bridgeport, Connecticut not to renew the plaintiff's pawnbroker's license. The defendant has moved to dismiss the appeal asserting that the statutes relating to pawnbrokers §§ 21-39 to 21-47 (see 1997 Public Act No. 97-164), do not provide for an appeal and therefore the court lacks jurisdiction to determine issues attempted to be raised by the plaintiff. CT Page 13339
An appeal to the court from administrative agencies exists only under statutory authorization and where a party is not given such a right the Superior Court is without jurisdiction over any appeal from that agency determination. Killingly v. ConnecticutSiting Counsel, 220 Conn. 516, 521 (1991); New England DairiesInc. v. Commissioner of Agriculture, 221 Conn. 422, 427 (1992).
General Statutes § 4-166 provides impart as follows:
 (1) "Agency" means each state board, commission, department or officer authorized by law to make regulations or to determine contested cases but does not include . . .
 (2) "Contested case" means a proceeding, including but not restricted to rate making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by the agency after an opportunity for a hearing or in which a hearing is in fact held . . .
"To qualify as a proceeding as a `contested case' under §4-166(2) and, thus, to be entitled to a `hearing', a party must have a statutory or regulatory right to be heard by the agency."All Brand Importers, Inc. v. Department of Liquor Control,213 Conn. 184, 212 (1989); Herman v. Division of Special Revenue,193 Conn. 379, 382 (1984). Our Supreme Court has also "determined that even in a case where a hearing is "in fact held", in order to constitute a contested case, a party to that hearing must have enjoyed a statutory right to have his "legal rights, duties or privileges" determined by that agency holding a hearing." NewEngland Dairies, Inc. v. Commission of Agriculture, 221 Conn. 422,427 (1992).
A review of the statutes relating to pawnbrokers do not reveal any authorization to "make regulations" or any requirement that a hearing beheld. General Statutes § 21-40 provides as follows:
 The Selectman of any town and the Chief of Police of any city make grant licenses to suitable persons to be pawnbrokers and to carry on the business of lending money on the pledge of personal property, or purchasing such property on condition of selling it back again at a stipulated price in such town or CT Page 13340 city respectably, and may revoke such licenses for cause;" (See Public Act § 97-164 § 2 which revoked § 21-40 and added language not here pertinent).
The above quoted statutory section does authorize the Chief of Police to grant licenses and to revoke those licenses for cause. However, there is no authorization for the chief of police to enact regulations nor is there any requirement that he hold a hearing with respect to his actions under that section. "Further, `agency' within the meaning of the Uniform Administrative Procedure Act is a body in which the legislature has reposed general powers of the administration of a particular state program in connection with which has been given statutory authority to act for the state in the implementation of that program". Catholic Family and Community Services v. CHARO,3 Conn. App. 464, 467 (1985); See Sobocinski v. State WideGrievance Committee, 215 Conn. 517, 526 (1990).
The defendant is not acting as a "agency" of the state within the meaning of Uniform Administrative Procedure Act. Accordingly the plaintiff's remedy must be asserted under a different form of a procedure but not as an appeal pursuant to General Statutes § 4-183.
Accordingly the Motion to Dismiss is hereby granted.
RUSH, J.