[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 102)
The plaintiff, James Aurilio, filed a two-count complaint against the defendant, Thomas Sweeney, chief of police of the CT Page 3179 city of Bridgeport, Connecticut. The plaintiff alleges that he formerly held pawnbroker and precious metal licenses and operated a business known as Jim's Pawn Shop in Bridgeport, Connecticut. On or about September 1, 1998, the defendant revoked the plaintiff's licenses. The plaintiff alleges in count one that he is a "suitable person" to operate a pawn shop, and therefore has a right to have the licenses renewed. The plaintiff alleges in count two that the defendant did not have sufficient cause to justify the revocation of the licenses. The plaintiff seeks an order from the court that the defendant reinstate and renew the licenses.
The defendant has filed a motion for summary judgment, arguing that: (1) the court lacks subject matter jurisdiction if this matter is considered to be an administrative appeal; (2) the issuance of the licenses is a discretionary function whereby the defendant must determine the suitability of the applicant; and (3) common law and statutory governmental immunity bar the plaintiffs causes of action. The plaintiff has filed a memorandum in opposition to the motion for summary judgment arguing that there are genuine issues of material fact in dispute. The matter was heard by the court on December 14, 1998. The defendant has raised the subject matter jurisdiction of the court as a ground for granting the motion for summary judgment. The plaintiff does not address this jurisdictional question raised by the defendant. The court must address this issue. "[O]nce the question of lack of jurisdiction is raised, [it] must be disposed of no matter what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Figueroa v. C SBall Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
The defendant argues that if this action is in effect an administrative appeal from the actions of the defendant, then the action cannot lie since it is not authorized by statute. Neither the pawnbroker nor precious metals statutes, General Statutes §§ 21-40 and 21-100, respectively, afford the plaintiff any statutory right of appeal from the decision of the defendant. In addition, there is no other statute which provides the plaintiff an administrative remedy or appeal from decisions made pursuant to § 21-40 or § 21-100. An action brought pursuant to General Statutes § 4-166 challenging the revocation of a pawnbroker license cannot be maintained. Vlacich v. Sweeny,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 347318 (December 4, 1997, Rush, J.) (21 Conn. L. Rptr. 23).[1]
"It is well established that the right to appeal an CT Page 3180 administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction." New England RehabilitationHospital of Hartford. Inc. v. Commission on Hospitals HealthCare, 226 Conn. 105, 120, 627 A.2d 1257 (1993).
Nevertheless, the court does not lack subject matter jurisdiction here. The plaintiff, in effect, seeks the issuance of a writ of mandamus. Although there is no statutory authority to take an appeal from § 21-40 or § 21-100, the court finds the plaintiffs request for a writ of mandamus is procedurally proper, and the court has subject matter jurisdiction. SeeGreaves v. Maddocks, Superior Court, judicial district of Litchfield, Docket No. 061316 (April 15, 1993, Pickett, J.) (8 C.S.C.R. 552) ("Unlike General Statutes § 12-107c, §12-504f and § 12-504h do not make reference to a statutory right to appeal, as do General Statutes § 12-118 and § 12-119. Thus, since the plaintiffs seek to have a certificate of classification filed and to be taxed in accordance [with §§12-504f and 12-504h], an action for mandamus is appropriate"). "An action for mandamus is a lawsuit like any other lawsuit." ParDevelopers, Ltd. v. Planning Zoning Commission,37 Conn. App. 348, 353, 655 A.2d 1164 (1995). "[A]s a mandamus action, it is a case brought to the Superior Court under its original jurisdiction. General Statutes § 52-485
(a)."[2] Id. Accordingly, the court has subject matter jurisdiction over the plaintiff's claims and may review the merits of the parties' substantive arguments on the motion for summary judgment.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 380-81, 713 A.2d 820 (1998). CT Page 3181
I. Pawnbroker License
The plaintiff seeks a court order forcing the defendant to reinstate and renew his pawnbroker license. Section 21-40, as amended by Public Acts 1997, No. 97-164 § 2, provides in pertinent part: "The selectmen of any town and the chief of police of any city may grant licenses to suitable persons to be pawnbrokers and to carry on the business of lending money on the deposit or pledge of personal property, or of purchasing such property on condition of selling it back again at a stipulated price, or of purchasing such property from a person who is not a wholesaler, in such town or city respectively, and may revoke such license for cause. . . ."[3]
The defendant argues that as the chief of police, he is the licensing authority pursuant to § 21-40, and has the statutory duty to determine if a holder of a license is a suitable person. The defendant contends that in determining whether an applicant is a suitable person, he must exercise his discretion. The defendant also points to the legislature's use of the word "may" in describing the conditions under which a license may be granted or revoked to support the argument that acts are discretionary. The plaintiff argues that he is a suitable person, and therefore there is a genuine issue of material fact in dispute. The plaintiff contends that once it is established that he is a suitable person, then the defendant is under a ministerial duty to grant the plaintiff a license. In the alternative, the plaintiff argues that even if the court finds that the defendant may grant and revoke licenses in its discretion, the defendant still must do so in a reasonable manner. The plaintiff contends that reasonableness is a question of fact which cannot be decided on a motion for summary judgment.
"It is well established that mandamus will issue only if the plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law." Stratford v. State Board of Mediation Arbitration,239 Conn. 32, 44, 681 A.2d 282. (1996). "Mandamus is an extraordinary remedy designed to enforce the performance of a plain positive duty, and, as such, the writ will properly issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled." Juliano v. Farrell,
CT Page 3182196 Conn. 283, 286, 492 A.2d 187 (1985).
 a. Issuance of Pawnbroker's License
Since there is so little law analyzing § 21-40, both parties rely upon Clapp v. Ulbrich, 140 Conn. 637, 103 A.2d 195
(1954). The Clapp case examined what the phrase "suitable person" meant in the context of General Statutes § 21-9 et seq., which regulate the activity of junk dealing. In a later case examining the suitable person standard as used under § 21-11,[4]
the Supreme Court relied upon Clapp. "Under . . . [21-11], the board of selectmen, or other agency authorized by the statute, is empowered to issue a junk dealers license upon a finding that the applicant is a suitable person. Once suitability has been established, the act becomes ministerial and the licensing authority has the duty to issue the license. . . . The prerequisite determination of suitability, however, calls for an exercise of judgment and reasoned discretion on the part of the selectmen or other delegated agent. See Clapp v. Ulbrich, supra, [140 Conn.] 641; State v. Vachon, 140 Conn. 478, 485,101 A.2d 509 [1953]; Hobson's Appeal, 65 Conn. 140, 143, 31 A. 531
[1894]." (Citations omitted.) Ballas v. Woodin, 155 Conn. 283,285, 231 A.2d 273 (1967).
A similar construction has been given to General Statutes § 29-28,[5] which requires the chief of police to find an applicant "is a suitable person to receive [a firearms] permit." The superior court has held that "[t]hat requirement conveys the intention on the part of the legislature to have the chief of police utilize discretion in evaluating an applicant." Ambrogiov. Board of Firearms Permit Examiners, 42 Conn. Sup. 157, 163,607 A.2d 460 (1992). In accordance with Clapp and its progeny, this court finds that the decision whether to issue a pawnbrokers license involves the exercise of some discretion on the part of the chief of police to determine whether an applicant is a suitable person.
 b. Revocation of Pawnbroker's License
In the context of revoking firearms permits, the determination that a person is "unsuitable" pursuant to the issuing statute, § 29-28, can double as cause for revocation pursuant to § 29-32.[6] See Williams v. Board of FirearmsExaminers, Superior Court, judicial district of New Haven at New Haven, Docket No. 358071 (July 11, 1995, Maloney, J.). By CT Page 3183 analogy to the handgun permit statutes, the defendant may consider whether the candidate is suitable to be a pawnbroker as part of the grounds for revocation for cause. This consideration necessarily involves the exercise of discretion. Therefore, neither issuing nor revoking a pawnbroker license is a purely ministerial act, and the plaintiff cannot satisfy the first two requirements needed for the court to issue a writ of mandamus.
II. Precious Metals License
The plaintiff also seeks to have the defendant re-instate and renew a precious metals license. Pursuant to § 21-100 (a), "[n]o person may engage in or carry on the business of purchasing gold or gold-plated ware, silver or silver-plated ware, platinum ware, watches, jewelry, precious stones or coins unless such person is licensed by the chief of police. . . . The license may be revocable for cause, which shall include, but not be limited to, failure to comply with any requirements for licensure specified by the licensing authority at the time of issuance."
 a. Issuance of Precious Metals License
Section 21-100 (a) does not contain any reference to requirements for issuance of a precious metals license, such as a finding that the candidate is a suitable person. The statute provides that no person may engage in or carry on the business of purchasing precious metals "unless such person is licensed by the chief of police. . . ." General Statutes § 21-100 (a). "It is simply a prohibition of the business unless a license is obtained from the officers of the municipality where the business is to be conducted. If the terms on which such license should be granted were defined, a different question would be presented. . . . The conditions of the Act do not support a mandate to issue a license upon compliance with rules established by law; on the contrary, they clearly provide for the exercise of a discretion unrestrained by the law."[7] State v. Tyrell, 100 Conn. 101,103, 122 A. 924 (1923). Therefore, since § 21-100 sets forth no criteria by which the regulating agent is to evaluate whether a precious metals license should be issued, it must be assumed that the legislature intended that the issuance of such a license is to rest with the sound discretion of the licensing agent. SeeCross v. Hudson, 42 Conn. App. 59, 66, 677 A.2d 1385, cert. denied, 239 Conn. 932, 683 A.2d 400 (1996) ("In construing statutes, we must use common sense and must not interpret statutes to yield bizarre and irrational results") CT Page 3184
 b. Revocation of Precious Metals License
The precious metals statute provides that a precious metals license may be revocable for cause. "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language. . . . General Statutes1-1 (a). In the absence of ambiguity, statutory language should be given its plain and ordinary meaning." (Internal quotation marks omitted.) Kilduff v. Adams. Inc., 219 Conn. 314, 336-37,593 A.2d 478 (1991). In addition, "[w]hen the language is plain and unambiguous, [the court] need look no further than the words themselves because we assume that the language expresses the legislature's intent." Mattatuck Museum — MattatuckHistorical Society v. Administrator, 238 Conn. 273, 279,679 A.2d 347 (1997). The parties have not offered any argument to the effect that § 21-100 is ambiguous. Therefore, the court should give the words of § 21-100 their plain and ordinary meanings.
The word "may" is defined by Black's Law Dictionary, in pertinent part, as follows: "[C]ourts not infrequently construe `may' as `shall' or `must' to the end that justice may not be a slave to grammar. However, as a general rule, the word may will not be treated as a word of command unless there is something in [the] context or [the] subject matter of [the] act to indicate that it was used in such sense . . . In construction of statutes . . . [the] word `may' as opposed to `shall' is indicative of discretion or choice between two or more alternatives, but [the] context in which [the] word appears must be a controlling factor." Black's Law Dictionary (5th Ed. 1979)
A similar test is employed by our own Supreme Court. "The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply." (Citations omitted; internal quotation CT Page 3185 marks omitted.) Statewide Grievance Committee v. Rozbicki,219 Conn. 473, 480-81, 595 A.2d 819 (1991), cert. denied,502 U.S. 1094, 112 S.Ct. 1170, 117 L.Ed.2d 416 (1992).
When applying the common usage definition to the word "may" as it is used in the context of § 21-100, the act of revoking a precious metals license is discretionary rather than mandatory. Here, the General Assembly has used both "may" and "shall" in §21-100. General Statutes § 21-100 (a) provides in pertinent part: "The license may be revocable for cause. . . . A chief of police . . . shall refuse to issue a license. . . ." The court is obliged to assume that the legislature utilized both may and shall by design and with the intent to create both mandatory and discretionary components. The fair import of § 21-100 is that the chief of police has discretion in deciding whether to revoke a precious metals license, although the chief of police must refuse to issue any license to a person convicted of a felony. Section 21-100 contains no criteria for issuing precious metals licenses, but rather relies on the defendant's exercise of discretion. In addition, it gives the defendant discretion to decide whether a precious metals license should be revoked for cause.
Accordingly, the plaintiff has failed to satisfy the first two requirements needed for the court to issue a writ of mandamus with regard to the precious metals license.
Therefore, the court finds that it has subject matter jurisdiction over the plaintiff's claims, because the plaintiff seeks a writ of mandamus, which issues from the court's original jurisdiction. The court concludes, however, that since the defendant does not have a mandatory duty to re-issue the plaintiff's pawnbroker or precious metals licenses, the plaintiff's request for a writ of mandamus ordering the defendant to set aside the revocations and/or re-issue the licenses must fail as a matter of law[8] and is denied.
SKOLNICK, J.